UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACKHAI NGUYEN | CIVIL ACTION |
| VERSUS | NO. 25-1031 |
| UNITED STATES GOVERNMENT | SECTION M (2) |

### ORDER & REASONS

Before the Court is a motion to dismiss for lack of subject-matter jurisdiction filed by defendant the United States Government (the "Government").[1]  The motion is set for submission on December 11, 2025.[2]  Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance December 3, 2025. Plaintiff Jackhai Nguyen, who is represented by counsel, did not file an opposition to the motion. Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 20.

[2] R. Doc. 20-1.

[3] Nguyen filed this tort action against the Government seeking damages for the loss of a diamond tennis bracelet that he sent through registered mail. R. Doc. 1 at 1-5.  This is the third suit Nguyen has filed in this Court regarding the same lost bracelet. *See Nguyen v. United States Postal Service*, C/A No. 22-3801 (E.D. La. filed Oct. 11, 2022); *Nguyen v. United States Government*, C/A No. 24-1117 (E.D. La. filed May 2, 2024).  Both of those prior suits were dismissed when Nguyen failed to oppose the Government's meritorious motions to dismiss.  *See Nguyen*, No. 22-3801 at R. Docs. 24; 33 (judgment of Fifth Circuit affirming dismissal); 35; *Nguyen*, No. 24-1117 at R. Docs. 10; 17.  The Government again moves to dismiss this latest iteration for lack of subject-matter jurisdiction and adds that those prior judgments have a preclusive effect. R. Doc. 20-2 at 4-6.  The Government points out that Nguyen has presented no new evidence to negate this Court's prior rulings holding that Nguyen failed to exhaust his administrative remedies as required by the Federal Tort Claims Act ("FTCA") and that postal matter claims are excepted from the FTCA.  *Id.*  The Government is correct.  The Fifth Circuit has recognized that dismissal on jurisdictional grounds is subject to issue preclusion and "[p]reclusion principles … bar relitigation of the same jurisdiction *issue* decided in a prior case." *Bank of Louisiana v. FDIC*, 33 F.4th 836, 837-38 (5th Cir. 2022).  Nguyen's new complaint seeks to relitigate the same issues this Court has already twice decided.  Accordingly, the Government's motion to dismiss must be granted.

2

IT IS ORDERED that the Government's motion to dismiss is GRANTED, and Nguyen's claims are DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

New Orleans, Louisiana, this 4th day of December, 2025.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE