UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACKHAI NGUYEN | CIVIL ACTION |
| VERSUS | NO. 25-1031 |
| UNITED STATES GOVERNMENT | SECTION M (2) |

### ORDER & REASONS

Before the Court is plaintiff Jackhai Nguyen's motion for leave to file an untimely opposition,[1] which the Court construes as a motion brought pursuant to Federal Rule of Civil Procedure 59(e) or 60 since judgment has already been entered in this case.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court denies the motion because Nguyen has not shown he is entitled to Rule 59(e) or 60 relief.

The present action is Nguyen's third lawsuit claiming damages from the defendant, the United States Government (the "government"), for the loss of a diamond tennis bracelet Nguyen sent through registered mail.[3] This Court dismissed without prejudice Nguyen's first two lawsuits after Nguyen failed to timely oppose the government's motions to dismiss each respective action for want of subject-matter jurisdiction, both of which appeared to have merit.[4] Nguyen then filed

---

[1] R. Doc. 24.
[2] *See* R. Docs. 22 (judgment); 26 (citing R. Doc. 24); *see also Celino v. Biotronik, Inc.*, 2022 WL 1449181, at *1 (5th Cir. May 9, 2022) ("Because Plaintiffs filed their motion for reconsideration within 28 days of final judgment, we will construe it as a Federal Rule of Civil Procedure 59(e) motion to alter or amend the district court's judgment." (citing *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019))).
[3] R. Doc. 1 at 1-4; *see also Nguyen v. United States Postal Serv.*, No. 22-cv-3801 (E.D. La. filed Oct. 11, 2022) (Nguyen's first suit claiming damages for the lost tennis bracelet); *Nguyen v. United States Gov't*, No. 24-cv-1117 (E.D. La. filed May 2, 2024) (Nguyen's second suit claiming damages for the lost bracelet).
[4] *See Nguyen v. United States Postal Serv.*, No. 22-cv-3801 at R. Doc. 34 (order granting government's motion to dismiss Nguyen's first case), *aff'd and remanded*, 2024 WL 655578 (5th Cir. Feb. 16, 2024); *Nguyen v. United States Gov't*, No. 24-cv-1117 at R. Doc. 17 (order granting government's motion to dismiss Nguyen's second case).

a third complaint, instituting the present action, which the government again moved to dismiss for lack of subject-matter jurisdiction.[5] Nguyen, for the third time, failed to file a timely opposition to the government's motion to dismiss. The Court, finding that the government's motion again appeared to have merit, granted the motion as unopposed on December 4, 2025, and entered judgment in favor of the government.[6] On December 23, 2025, Nguyen filed the present motion for leave to file an untimely opposition, arguing that his failure to timely file an opposition constitutes "excusable neglect" because his counsel was travelling out of the country from November 21 to December 1, 2025.[7] The Court issued an order explaining that it would construe Nguyen's motion as one made pursuant to Rule 59(e) or 60 and that it would be set for submission on January 22, 2026.[8]

The government responds in opposition, arguing that Nguyen is not entitled to relief under Rule 59(e) or 60(b)(1).[9] The government says the motion should be denied for four reasons: (1) Nguyen had sufficient notice of the government's motion to dismiss to request an extension of time to reply; (2) Nguyen's post-judgment motion requests additional time to file an opposition, even though it came three weeks after his original opposition deadline, so the delay is not minimal; (3) this is the third instance that Nguyen has missed the deadline to oppose a dispositive motion in an action claiming damages for the lost bracelet; and (4) Nguyen fails to point to manifest errors of law that warrant post-judgment relief, especially considering that the Fifth Circuit affirmed this Court's first dismissal and that jurisdictional issues are precluded from relitigation.[10]

---

[5] R. Doc. 20.
[6] R. Docs. 21 (order granting government's motion as unopposed); 22 (judgment in favor of the government).
[7] R. Doc. 24 at 1-5 (applying the four-factor test for excusable neglect set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).
[8] R. Doc. 26.
[9] R. Doc. 27 at 4-6.
[10] *Id.*

The Court agrees with the reasons given in the government's opposition memorandum and adopts them in full.  This is the third time Nguyen has failed to timely oppose a dispositive motion in a case he has brought concerning the bracelet.  Nguyen has not pointed to a change in the controlling law, newly discovered evidence that was previously unavailable, or manifest errors of law or fact that might entitle him to relief under Rule 59(e).  *See Torres v. Livingston*, 972 F.3d 660, 663 (5th Cir. 2020).  And Nguyen's repeated disregard of an opposition deadline is a far cry from the "excusable neglect" that might entitle him to relief under Rule 60.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Nguyen's motion to alter or amend judgment or for relief from judgment (R. Doc. 24) is DENIED.[11]

New Orleans, Louisiana, this 22nd day of January, 2026.

                                                BARRY W. ASHE
                                                UNITED STATES DISTRICT JUDGE

---

[11] To the extent that Nguyen's motion requests leave to file an untimely opposition to the government's motion to dismiss, the motion is also denied.  As a result, the untimely opposition to the government's motion to dismiss for lack of subject-matter jurisdiction (R. Doc. 28) that Nguyen filed without leave during the pendency of this motion requesting such leave will be stricken.